CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

APR 19 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | |
|---|---|
| United States of America<br>v.<br><br>Jermaine Ayers<br><br>*Defendant(s)* | )<br>)<br>) Case No. 6:16mj00004<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 2 to October 14, 2015__ in the county of __Buckingham__ in the __Western__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) | Distribution of 28 grams or more of mixture containing cocaine base |

This criminal complaint is based on these facts:

Please see attached Affidavit of Special Agent Maynard Todd Greenway

☑ Continued on the attached sheet.

Received by reliable electronic means and sworn and attested to by phone.

*Complainant's signature*

Maynard Todd Greenway, DEA Special Agent
*Printed name and title*

~~Sworn to before me and signed in my presence.~~

Date: 4/19/16

City and state: Harrisonburg, VA ~~Charlottesville, Virginia~~

*Judge's signature*

Honorable Joel C. Hoppe
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Maynard Todd Greenway, depose and say as follows:

1. I am a Special Agent of the Drug Enforcement Administration and have been so employed since June of 2004. Prior to that date, I was employed as a Deputy Sheriff with the Charleston County Sheriff's Office in North Charleston, SC from January 1994 until June of 2004, approximately two years of which were spent as a deputized Task Force Officer with the DEA Charleston SC Resident Office. I have received training in the investigation and detection of controlled substance traffickers. I have conducted and assisted in investigations into the unlawful possession, possession with the intent to distribute, distribution and illegal importation of controlled substances, and their associated conspiracies in violation of Title 21, United States Code, Section 841 and 846. I have participated in the preparation and execution of numerous arrest and search warrants for criminal offenses involving the distribution and conspiracy to distribute controlled substances. I am aware that Cocaine Base is a Schedule II Controlled Substance and I am familiar with the methods traffickers use to conduct their illegal activities to include communication methods, asset management, and narcotic transactions. Through my training and experience, I am familiar with the drug culture in and around Charlottesville, Virginia and locations within the jurisdiction of this Court.

2. I present this affidavit in support of a criminal complaint alleging a violation of Title 21, United States Code, Section 841(a), to wit, Distribution of Cocaine Base, a Schedule II Controlled Substance, by Jermaine AYERS.

3. The information contained in this affidavit is either based on your affiant's personal knowledge and observations, the knowledge and observations of cooperating sources and/or sources of information, or information relayed to your affiant by other federal and state Agents officers (collectively referred to as

1

"Agents"). Information and intelligence provided in the investigation by confidential sources and/or sources of information has proven reliable, and when possible has been verified by physical surveillance and other investigative techniques. This affidavit is not intended to include every fact and matter known to your affiant or the United States of America and I have set forth only those facts necessary to support probable cause for the alleged violation.

4. In October 2015, a Virginia State Police Confidential Informant (hereinafter "CS"), at the direction of law enforcement, was in contact with Jermaine AYERS for the purchase of "crack cocaine." Specifically, the CS and AYERS spoke on September 30, 2015 and October 1, 2015 via unrecorded phone calls outside of the presence of Agents regarding the purchase of ¼ ounce of "crack cocaine" for $320. The CS and AYERS also communicated via text messages to arrange the transaction. These text messages were recorded by Agents and have been maintained as evidence. On October 2, 2015, the CS, at the direction of Agents, purchased a white chunky substance consistent with cocaine base, directly from AYERS in exchange for $320 of United States currency. The CS was equipped with both audio and video equipment and those recordings have been maintained as evidence. During the transaction, AYERS' took the CS into a separate room of his residence and told the CS that he was currently on federal probation. (AYERS is indeed currently under supervision with the Western District of Virginia.) The CS and AYERS discussed purchasing a half ounce of crack cocaine in the future, but it was not currently available. The CS and CS's vehicle were searched both before and after the transaction and no illegal items or contraband were recovered from the CS or CS's vehicle other than the suspected cocaine base the CS purchased directly from AYERS. This transaction occurred at AYERS' residence in Scottsville, Virginia, and within the jurisdiction of this Court. The suspected cocaine base was subsequently sent to a DEA Laboratory where a forensic chemist determined, after analysis, that it was 6.6 grams of a mixture containing cocaine base.

2

Case 6:16-mj-00004-JCH   Document 1   Filed 04/19/16   Page 3 of 5   Pageid#: 3

5. Between October 2, 2015, and October 5, 2015, the CS, at the direction of Agents, was in contact with AYERS regarding the purchase of "crack cocaine." Specifically, the CS and AYERS communicated via unrecorded phone calls outside of the presence of Agents about the CS purchasing an ounce of "crack cocaine." The CS and AYERS also communicated via text messages to arrange the transaction. These text messages were recorded by Agents and have been maintained as evidence. On October 5, 2015, the CS, at the direction of law enforcement, purchased a white chunky substance consistent with cocaine base, directly from AYERS in exchange for $1,200 of United States currency. The CS was equipped with both audio and video equipment and those recordings have been maintained as evidence. The CS and CS's vehicle were searched both before and after the transaction and no illegal items or contraband were recovered from the CS or CS's vehicle other than the suspected cocaine base the CS purchased directly from AYERS. This transaction occurred in Scottsville, Virginia, and within the jurisdiction of this court. The suspected cocaine base was subsequently sent to a DEA Laboratory where a forensic chemist determined, after analysis, that it was 26.1 grams of a mixture containing cocaine base.

6. On October 11, 2015 and October 13, 2015, the CS, at the direction of Agents, was in contact with AYERS regarding the purchase of 1 ½ ounces of "crack cocaine." These text messages were recorded by Agents and have been maintained as evidence. On October 14, 2015, the CS and AYERS engaged in a series of text messages, and ultimately agreed to meet at Ali's Store to conduct the transaction. These text messages were also recorded by Agents and have been maintained as evidence. That same day, the CS, at the direction of law enforcement, purchased approximately one and a half ounces of a white chunky substance consistent with cocaine base, directly from AYERS in exchange for $1,800 of United States currency. The CS and CS's vehicle were searched both before and after the transaction and no illegal items or contraband were recovered from the CS or CS's vehicle other than the suspected cocaine base the CS purchased directly from AYERS. The CS was equipped with both audio and

3

video equipment and those recordings have been maintained as evidence. This transaction occurred at in Scottsville, Virginia, and within the jurisdiction of this court. The suspected cocaine base was subsequently sent to a DEA Laboratory where a forensic chemist determined, after analysis, that it was 39.9 grams of a mixture containing cocaine base.

7. Based on the information outlined in this affidavit, there is probable cause to believe that during October, 2015, in the Western District of Virginia, and within the jurisdiction of this Court, Jermaine AYERS did knowingly, voluntarily and intentionally, distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841 (a) (1).

Maynard Todd Greenway
Special Agent
Drug Enforcement Administration

~~Sworn to and subscribed before me this _____ day of April, 2016, in Charlottesville, Virginia~~

Seen and Approved: Christopher Kavanaugh, AUSA

✓Reviewed by AUSA Christopher Kavanaugh

Received by reliable electronic means and sworn and attested to by phone on April 19, 2016.

HONORABLE JOEL C. HOPPE

4